Filed 6/5/15  P. v. Garcia CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B258128 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA124976) |
| v. | |
| EDGAR WILFREDO GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marcelita V. Haynes, Judge.  Affirmed.

Janet Gusdorff, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Edgar Wilfredo Garcia appeals from an order denying his motion to reduce the matter to an infraction (Pen. Code, § 17, subd. (d)).[1] We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

A felony complaint, filed May 23, 2012, alleged against Garcia count 1, forgery (§ 470, subd. (d)), and counts 2-8, forgery (§ 475, subd. (a)). Garcia pleaded no contest, on October 11, 2012, to counts 1 and 2. The trial court suspended imposition of sentence for a 36-month period and placed Garcia on formal probation for 36 months, on the condition he serve 270 days in jail. The court suspended imposition of sentence on count 2 and placed Garcia on formal probation for 36 months on the same conditions. Count 2 was ordered to run concurrent to count 1. The remaining counts were dismissed. Garcia received 46 days of custody credits (23 days actual custody plus 23 days good time/work time).

About a year later, on October 2, 2013, Garcia, after waiving his right to a probation violation hearing, admitted violating probation. The trial court revoked and reinstated probation. Garcia waived 180 days of back-time credit and was ordered to serve 180 days in jail. Garcia was given 40 days of credit (20 days actual custody plus 20 days of good time/work time).

On April 3, 2014, Garcia admitted a second probation violation, and the trial court again revoked and reinstated probation. He waived 270 days of back-time credit and was sentenced to 180 days in jail.

On June 26, 2014, Garcia moved to reduce "his[] misdemeanor conviction for driving without Driver License in violation of Vehicular Code § (A) to an infraction."[2] (§ 17, subd. (d).) The trial court, on July 17, 2014, denied the motion on the ground the matter did not qualify as an infraction. The court also denied Garcia's motions to seal his

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     Garcia's motion appears to be a form motion with blanks that were not filled in with the relevant information.

2

record and declare him factually innocent (§ 851.8) and for an early termination of probation (§ 1203.4).[3] The court did, however, modify his probation to nonreporting probation.

Garcia filed a timely notice of appeal.

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief which raised no issues and which asked this court to conduct an independent review of the record, under *People v. Wende* (1979) 25 Cal.3d 436, 441. By letter dated April 7, 2015, we advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. That letter was returned, unopened, to the court.

Section 17 outlines the procedural mechanism for reducing certain misdemeanors listed in section 19.8 to infractions. Although Garcia's motion requested a reduction of a charge of driving without a driver's license, the charge that was before the trial court was forgery.[4] Forgery is not listed in section 19.8. Garcia was therefore not entitled to relief.

Also, on this record, Garcia was not entitled to relief under section 851.8, concerning the sealing and destruction of arrest records and determinations of factual innocence, or under section 1203.4, concerning termination of probation.

We have examined the record and are satisfied Garcia's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

---

[3] If written motions were filed, they are not in the record on appeal.

[4] The record is unclear whether the April 3, 2014 probation revocation was based on a charge of driving without a driver's license. The only reference to Garcia being charged with that crime is in his motion for reduction, which is vague and lacks specificity.

3

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KITCHING, Acting P. J.

EGERTON, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.